UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KAREN BOLDUC,

           Plaintiff,

  -against-                            1:05-CV-832
                                          (LEK/RFT)
SARATOGA NATIONAL GOLF CLUB,     (LEAD CASE)
ANTHONY AMES, ERIC BOURGEOIS,
MICHAEL GREGG, THOMAS NEWKIRK
& LARRY SCHEPICI,

           Defendants.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHANNON ROSE-LEACOCK,

           Plaintiff,

  -against-                            1:05-CV-833
                                          (FJS/DRH)
SARATOGA NATIONAL GOLF CLUB,     (MEMBER CASE)
ANTHONY AMES, ERIC BOURGEOIS,
MICHAEL GREGG, THOMAS NEWKIRK
& LARRY SCHEPICI,

           Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    Background**

On July 5, 2005, Plaintiffs Karen Bolduc ("Bolduc") and Shannon Rose-Leacock ("Rose-Leacock") filed separate actions against Defendants Saratoga National Golf Club, Anthony Ames,

1

Eric Bourgeois, Michael Gregg, Thomas Newkirk, and Larry Schepici (collectively, "Defendants"). For the following reasons, the Court orders that Case No. 05-CV-833 filed by Rose-Leacock be consolidated with Case No. 05-CV-832 filed by Bolduc currently pending before this Court.

**II.    Discussion**

Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).

A district court can consolidate related cases under Rule 42(a) *sua sponte*. Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999). In applying Rule 42(a), courts have stressed that the purpose of joining actions is to promote convenience and judicial economy. Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1973); Katz v. Realty Equities Corp., 521 F.2d 1354, 1358 (2d Cir. 1975). The objectives of convenience and judicial economy cannot be pursued at the sacrifice of fairness to all the parties. Malcolm v. Nat'l Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993).

A review of both of the complaints reveals that the two cases contain substantially similar factual allegations and allege the same causes of action, namely (1) unlawful discrimination on the basis of gender in violation of Title VII; (2) unlawful discrimination on the basis of gender in violation of the New York State Human Rights Law; and (3) the aiding and abetting of sexual harassment constituting unlawful discrimination on the basis of gender in violation of the New York State Human Rights Law. Bolduc Complaint (05-CV-832, Dkt. No. 1) at ¶¶ 32-41; Rose-Leacock

Complaint (05-CV-833, Dkt. No. 1) at ¶¶ 32-40. Each complaint also asserts that the actions of Defendants were intentional, wanton, willful, reckless, malicious, and demonstrated utter and heedless disregard for the respective Plaintiff's right to be free from gender discrimination in the workplace. Bolduc Complaint (05-CV-832, Dkt. No. 1) at ¶ 43; Rose-Leacock Complaint (05-CV-833, Dkt. No. 1) at ¶ 42. Consolidation is particularly appropriate on the facts of these cases. As a result of the overlapping defendants and common questions of law, consolidation would serve the objectives of convenience and judicial economy. The Court does not anticipate any unfairness to the parties as a result of consolidation. Since the two cases pending in the Northern District of New York meet the test for consolidation, an order of consolidation will be entered.

As a result of Case No. 05-CV-832 being the first filed case, it is designated as the lead case, while Case No. 05-CV-833 is designated the member case.

### III.  CONCLUSION

Accordingly, it is hereby

ORDERED that pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Case No. 05-CV-832 and Case No. 05-CV-833 are **CONSOLIDATED**; and therefore, Case No. 05-CV-833 is reassigned to Judge Kahn as Case No. 05-CV-832, the first-filed of these two actions, is currently pending before him; and it is further

ORDERED that Magistrate Judge David R. Homer is assigned to this consolidated action; and it is further

ORDERED that the Clerk of the Court amend the docket in this consolidated action to designate Case No. 05-CV-832 as the lead action and Case No. 05-CV-833 as the member action, and instruct the parties that they shall file all papers in this consolidated action in the lead case only;

and it is further

      ORDERED, that the Clerk serve a copy of this order on all parties.

DATED: July 12, 2005
       Albany, New York

                                        Lawrence E. Kahn
                                        U.S. District Judge